Frederic W. Procter v. Commissioner.
Procter v. Commissioner
Docket No. 111015.
United States Tax Court
1943 Tax Ct. Memo LEXIS 318; 2 T.C.M. (CCH) 13; T.C.M. (RIA) 43221; May 5, 1943
*318 LEECH Memorandum and Order [The Facts] LEECH, Judge: A motion to intervene in the above entitled proceeding was filed on February 3, 1934 by the Guaranty Trust Company of New York and Lester Y. Baylis, two of three trustees under an Indenture of Trust dated January 13, 1939. The third trustee is the settlor and petitioner, Frederic W. Procter. The respondent on April 24, 1942, mailed to petitioner a notice of deficiency of $36,487.85 in gift tax for the calendar year 1939. The petitioner duly filed with this Court a petition for redetermination of that deficiency. The case was heard before this Court on December 3, 1942, at Chicago, Illinois, and was finally submitted on stipulation and documentary evidence on that day. Timely briefs were filed by both parties. On February 3, 1943 this notice of motion to intervene was filed and upon order of continuance was heard at Washington, D.C., on March 10, 1943. The respondent appeared at the hearing and opposed the motion; the petitioner did not appear, but filed an answer to intervenor's petition, opposing the granting of the motion. Decision was reserved and all parties have now filed briefs on the motion. The petition filed in *319 support of said motion alleges in part as follows: * * * * *
5. That as donees under the said Indenture of Trust, dated January 13, 1939 Guaranty Trust Company of New York, Lester Y. Baylis and Frederic W. Procter, as Trustees may be liable for any tax deficiency determined by this Court, in the event that the said donor Frederic W. Procter is unable to pay the tax deficiency, if any, found to be due in the above entitled proceeding. * * * * *
7. That counsel for the petitioner has refused the request of Counsel for Guaranty Trust Company of New York and Lester Y. Baylis as Trustees to intervene in the said proceedings. 8. Upon information and belief that the said petitioner, Frederic W. Procter is not contesting the assessment of the tax in good faith and that said petitioner, Frederic W. Procter is claiming and has claimed that the said Indenture of Trust, dated January 13, 1939 is null and void. 9. Upon information and belief that it is to the personal interest of said Frederic W. Procter not to endeavor to defeat the said gift tax assessment in order to invoke Paragraph 11 of said Indenture of Trust and that if the said Indenture of Trust, dated January 13, 1939 is held *320 by a court of competent jurisdiction to be null and void that the said petitioner herein will be able to divest himself of his remainder interests in the trusts making up the corpus of the trust created under the Indenture of Trust, dated January 13, 1939, by sale or otherwise of the principal or parts thereof or of the income or parts thereof all to the damage and detriment of Guaranty Trust Company of New York and Lester Y. Baylis as Trustees, and said Frederic W. Procter's children and other beneficiaries under the said Indenture of Trust, dated January 13, 1939. 10. On information and belief that the said Frederic W. Procter has heretofore purported to sell or assign substantial portions of the possible future income which may accrue to him under the said Indenture of Trust, dated January 13, 1939. 11. On information and belief that Lillian S. Procter has duly demanded payment of certain notes given to her by the petitioner herein, Frederic W. Procter, all of which notes are secured by an assignment of certain of his remainder interests, all of which are referred to in the said Indenture of Trust made the 13th day of January 1939, and that said Lillian S. Procter in the event *321 of the default of Frederic W. Procter to pay the said notes, will proceed to sell the collateral assigned to her as security for the payment of said notes. 12. Your petitioners herein allege that the determination of the tax contained in the said letter of deficiency is based upon the following errors: (a) The allegation of error set forth in paragraph 4a of the petition of Frederic W. Procter herein. (b) The allegation of error set forth in paragraph 4c of the petition of Frederic W. Procter herein. (c) The Commissioner has erroneously failed to give full force and effect to the decisions of the Supreme Court of the United States in various decisions of that Court and among others, the case of . 13. The facts upon which your petitioners rely as a basis for their appeal are as follows: (a) The computation of value of the alleged gift under the trust indenture of January 13, 1939, upon the basis of which the alleged deficiency is claimed by the Commissioner, is erroneous. The actuarial value of the remainders assigned by the said Frederic W. Procter were approximately $1,120,000. The said notes held by Lillian *322 S. Procter are demand notes and constitute a lien on the remainders. If the said notes are foreclosed, the said remainder interests would be sold. Therefore, deducting $686,000 of notes from the $1,120,000 present value of the remainders leaves a net actuarial equity value of the remainders of $434,000. There should be deducted from the said $434,000 the value of the life income reserved by the said Frederic W. Procter for himself. The actuarial values of the life income reserved to said Frederic W. Procter is $533,233. If the said value of the life interest reserved is deducted from the net equity value of the remainders, there is no present value in the alleged gift. 14. In the event petitioners are granted leave to intervene in the above entitled proceedings and the said proceedings are opened for the taking of further testimony and to hear further argument, your petitioners herein will call as witness to prove the actuarial figures hereinabove referred to, certain actuaries who will prove the value of the said remainder interests and of the life interests reserved by said Frederic W. Procter and such other and further evidentiary facts as may be pertinent. [Opinion] A *323 motion of this character is addressed to the discretionary powers of the Court. The discretion exercised must be judicial, not arbitrary, and must be based upon the sound judgment of the Court. We permitted interventions in ; we denied the application in . Motions involving the exercise of the Court's discretionary powers, in their last analysis, rest upon their own particular facts, and citations of authorities are usually not helpful but rather tend to make for confusion. We are confronted, at the outset, with the question raised by both petitioner and respondent of laches on the part of those seeking to intervene. The record demonstrates they were not too diligent. Where a party seeks the favor of the Court, his diligence is one of primary concern, and lack thereof has often been the sole basis for denial of relief. We would be reluctant, however, to base our decision on laches, if the application otherwise has merit. The movants base their motion principally upon an alleged adverse interest to that of the petitioner. They assert *324 that in the event a deficiency is redetermined, the petitioner will probably be financially unable to pay it and that consequently they will be liable for the payment of the same. They offer to prove his probable financial inability. To say the least, it would set a novel precedent to grant this somewhat belated application on the ground of presumed inability to pay, and hear testimony bearing on the financial status of the donor prior to a determination that a tax was payable. The law imposes no such obligation - certainly not in the present circumstances. Assuming the donor will be unable to pay such deficiency, if determined, his liability and that of the donee are both primary. ; . Thus petitioner's alleged profligacy does not of itself affect the trustees' obligation. It is argued, however, that because of paragraph 11 of the trust indenture (see paragraph 9 of the petition, supra) the interest of petitioner is adverse in the above entitled proceeding to those of the trustees. This seems to overlook the fact that the only issue in the proceeding now pending *325 in this court is whether, for gift tax purposes, petitioner is liable for gift tax on the disputed gift and if so, its amount. Our decision will adjudicate that issue and no other. The respective positions of the donor and donee as to the taxes there in dispute are adverse to that of the respondent. But though so allied, they are not in privity. ; ;It is our belief therefore that it can not be pleaded as res adjudicata against the trustees in any action, [1] even one before this Court involving their liabilities for such a tax. See section 526 of the Revenue Act of 1932, as amended. ; ;
There is no suggestion of collusion between *326 the petitioner and the respondent in the tax proceeding now pending before us. The motion to intervene does, however, emphatically question the bona fides of the petitioner. It is thus urged specifically that the computation of the contested deficiency is erroneous and it is suggested that petitioner has not properly pressed this error. The trustees offer to produce skilled actuaries to prove the actuarial value of the remainder; also, to show by brokers engaged in the business of buying remainder interests what they would pay for such interest here involved. We do not now regard the latter evidence as being of material assistance here Upon the question of actuarial value, we think the record already presents this issue squarely. It has been adequately raised by the petitioner. We are not now persuaded that the testimony of actuaries would materially aid us in the decision of the pending issues. The petitioner is represented by apparently reputable counsel. This Member of the Court presided at the trial. He heard the statements made there by that counsel. He has examined the brief submitted by that counsel on behalf of petitioner and finds not the slightest basis for any suggestion *327 that the petitioner is not litigating the issues in good faith and upon proper legal grounds. It is therefore not perceived how our denial of the pending motion will prejudice any substantial rights of the moving parties. Accordingly, the premises considered, it is hereby ORDERED: (1) that the above mentioned motion to intervene be and the same is hereby denied; (2) that counsel for the trustee movants may, if it is so desired, file a brief as amicus curiae if he so desires; (3) that petitioner and respondent in the above entitled proceeding may have until June 10, 1943 to file reply briefs on the merits. Brief as amicus curiae, if any, shall be filed within the same period. Footnotes
1. The record shows that a suit in equity between the petitioner and the other trustees involving other disputes is now pending in the United States District Court for the Southern District of New York.↩